Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EDGAR ABNER REYES COLÓN <br><br> APELANTE <br><br> v <br><br> SHEILA LEE BENABE GONZÁLEZ <br><br> APELADA | TA2025AP00335 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan <br><br> Caso Núm. SJ2024CV09336 <br><br> Sobre: Cobro de dinero |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Pagán Ocasio, y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 24 de octubre de 2025.

### I.

El 12 de septiembre de 2025, el señor Edgar Abner Reyes Colón (señor Reyes Colón o apelante) presentó digitalmente un recurso de *Apelación* en el que nos solicitó que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 22 de julio de 2025, notificada y archivada digitalmente en autos el mismo día.[1] Mediante el referido dictamen, el TPI declaró Ha Lugar la *Solicitud de Desestimación* presentada por la señora Sheila Lee Benabe González (señora Benabe González o apelada).

El 15 de septiembre de 2025, emitimos una *Resolución* en la que le concedimos a la apelada hasta el 14 de octubre de 2025, para presentar su alegato en oposición.[2]

---

[1] Véase Entrada Núm. 35 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

[2] Véase Entrada Núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

El 14 de octubre de 2025, la señora Benabe González presentó un *Alegato responsivo* en el que nos solicitó que confirmemos la *Sentencia* apelada.[3]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes al recurso.

**II.**

El caso de marras tuvo su génesis el 8 de octubre de 2024, cuando el señor Reyes Colón presentó una *Demanda* sobre cobro de dinero en contra de la señora Benabe González.[4] Surge de las alegaciones que las partes de epígrafe estuvieron casadas y se divorciaron mediante *Sentencia* final y firme del 18 de marzo de 2021, en el caso **Edgar Abner Reyes Colón y Otros v. Sheila Li Benabe González**, *SJ2021RF00002*. Referente al régimen económico, las partes otorgaron capitulaciones matrimoniales. Tras el divorcio, la propiedad privativa del señor Reyes Colón, que ubica en el Condominio Saint Mary's Plaza Norte, Apt. PH 2 Norte, #1485 Ave Ashford San Juan, PR, se estableció como hogar seguro a favor de la hija menor de edad habida entre las partes. Empero, alegó que la apelada ha vivido a título gratuito y de manera exclusiva en la referida propiedad, por virtud del hogar seguro establecido en favor de la menor. Adujo que la apelada no tiene derecho alguno, ni justo título para el uso y disfrute de dicha propiedad de forma gratuita.

Así las cosas, indicó que le reclamó el pago de un canon de arrendamiento de $10,000.00 mensuales por la propiedad, cantidad que basó en un análisis particular del mercado que lo estima en $20,000.00, ya que, según manifestó, el otro 50% es la aportación que él hace a la menor mediante el hogar seguro. Mencionó que hizo gestiones de cobro, pero que resultaron infructuosas. Por ello,

---

[3] Íd., Entrada Núm. 3.
[4] Véase Entrada Núm. 1 en SUMAC-TPI.

sostuvo que la apelada le adeuda la cantidad de $90,000.00, por concepto de cánones de arrendamiento adeudados y no pagados, más intereses por mora.

El 20 de febrero de 2025, la señora Benabe González presentó una *Solicitud de Desestimación y Honorarios de Abogado por Temeridad* en la que alegó que no existía causa de acción en su contra dado a que es la madre custodia con patria potestad y quien guarda el derecho al hogar seguro de su hija.[5] Además, adujo que no existe deuda líquida, vencida, ni exigible que permita el cobro de dinero de una renta inexistente. Por ello, solicitó la desestimación de la *Demanda* con la imposición de honorarios por temeridad.

La apelada argumentó que el derecho de los hijos a mantener su hogar seguro está íntimamente atado a la patria potestad del progenitor. Además, adujo que el derecho de uso y habitación incluyen al titular y a las personas que conviven con él, por lo que siendo la menor titular del derecho a hogar seguro y convivir con su madre, están protegidas ambas. Asimismo, alegó que el derecho de hogar seguro no debe depender del interés propietario que pueda tener sobre el bien un excónyuge dado a que es un mecanismo de protección a la unidad familiar y bienestar del menor. Por último, manifestó que el derecho al hogar seguro de la menor y la consecuente limitación de los derechos de propiedad del titular del inmueble que ello provoca es considerado como una forma de contribuir a las cargas de manutención de la menor.

Por su parte, el 19 de marzo de 2025, el señor Reyes Colón presentó una *Oposición a desestimación*.[6] En resumen, alegó que el tribunal debe dar por cierto que la apelada no tiene derecho ni justo título para realizar el uso y disfrute de la referida propiedad forma gratuita y, que cualquier tolerancia tácita para hacerlo dejó de

---

[5] Véase Entrada Núm. 17 en SUMAC-TPI.
[6] Véase Entrada Núm. 25 en SUMAC-TPI.

existir con el reclamo de rentas que éste realizó el 11 de mayo de 2024. Agregó que la apelada no citó opinión legal que establezca que tiene derecho a poseer y disfrutar de forma gratuita del bien privativo del progenitor no custodio en virtud del derecho a hogar seguro de la menor ni que exista un impedimento legal para que el titular solicite un pago de rentas a aquel que disfruta de su bien con exclusividad y exclusión de su titular. En vista de lo anterior, sostuvo que era improcedente la desestimación solicitada.

El 22 de julio de 2025, el TPI emitió una *Sentencia* en la que declaró Ha Lugar la *Solicitud de Desestimación* presentada por la señora Benabe González.[7] En esta, reafirmó que como la apelada retuvo la custodia de la menor, le cobija el derecho a hogar seguro y, que el hogar principal de la menor, el cual es propiedad privativa del señor Reyes Colón, es también el hogar principal de la apelada.

El TPI enfatizó que la preservación del hogar seguro de un menor prevalece sobre el derecho propietario de cualquiera de los padres. En consecuencia, resolvió que el bienestar de la menor es de mayor interés y se antepone a cualquier interés propietario que pueda tener el apelante. Dado a lo anterior, concluyó que al apelante no le asiste un derecho al reclamo de pago, toda vez que, se trata del uso y disfrute del hogar seguro de la menor y que al ser la madre custodia, lo que causa es una limitación temporal al derecho propietario del apelante. Resolvió, además, que tampoco existe una deuda líquida, vencida y exigible, toda vez que, no hubo indicio de que haya mediado un acuerdo entre las partes con relación a un pago por canon de arrendamiento, sino que la única evidencia que surge es una carta exigiendo un canon basado en un análisis que hizo el apelante de forma unilateral.

---

[7] Véase Entrada Núm. 35 en SUMAC-TPI.

Por lo antes esbozado, el TPI concluyó que la *Demanda* deja de exponer una reclamación que justifique la concesión de un remedio. No obstante, particularizó que tal decisión se hizo sin menoscabo de los argumentos que el señor Reyes Colón pueda presentar en el caso sobre pensión alimentaria con relación al cálculo adecuado de las cargas que este posee como alimentista.

Oportunamente, el 6 de agosto de 2025, el señor Reyes Colón presentó una *Moción de reconsideración* para que el tribunal dejara sin efecto la *Sentencia* apelada.[8]

Por su parte, el 18 de agosto de 2025, la señora Benabe González presentó una *Oposición a solicitud de reconsideración.*[9]

Ese mismo día, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la *Moción de reconsideración* presentada por el apelante.[10]

Inconforme con la determinación del TPI, el 12 de septiembre de 2025, el señor Reyes Colón presentó el recurso de apelación de epígrafe en el que formuló los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia al desestimar la demanda sumariamente sin señalar juicio plenario, impidiendo que el apelante pudiera presentar prueba y confrontar la de la parte contraria. Esta actuación constituye una violación al debido proceso de ley garantizado por el Artículo II, Sección 7 de la Constitución de Puerto Rico.

Erró el Tribunal de Primera Instancia al reconocer de forma automática el derecho al hogar seguro a favor de la parte apelada, sin evaluar su capacidad económica ni sus bienes, y sin que exista necesidad económica en perjuicio de los derechos del apelante.

Erró el Tribunal de Primera Instancia al avalar que la apelada se apropiara del beneficio económico de un bien privativo del apelante, sin reconocer su derecho a recibir compensación. Tal actuación constituye un *taking* inconstitucional,

---

[8] Véase Entrada Núm. 38 en SUMAC-TPI.
[9] Véase Entrada Núm. 40 en SUMAC-TPI.
[10] Véase Entrada Núm. 41 en SUMAC-TPI.

contrario a la prohibición de privar a una persona de su propiedad sin el debido proceso de ley ni el pago de justa compensación, según lo dispuesto en el Artículo II, Sección 9 de la Constitución de Puerto Rico.

Erró el Tribunal de Primera Instancia al no reconocer ni aplicar la doctrina establecida en *Candelario Vargas v. Muñiz Díaz*, 171 DPR 530 (2007), la cual resolvió que el valor del hogar seguro es **cuantificable** y se **imputa como obligación alimentaria en beneficio del menor**, no como un beneficio patrimonial gratuito al cónyuge.

Erró el Tribunal de Primera Instancia al confundir la reclamación de cobro de dinero por el cincuenta por ciento del canon en el mercado con un intento de impugnar la institución del hogar seguro de la menor, tergiversando así el fundamento de la demanda y validando un enriquecimiento injusto en perjuicio del apelante.

Erró el Tribunal de Primera Instancia al validar un enriquecimiento injusto en perjuicio del apelante, al impedir la presentación de prueba sobre el uso económico que la apelada obtuvo de un bien privativo y al resolver el caso sin considerar los principios de equidad que informan tanto la doctrina de enriquecimiento injusto como la prohibición del abuso del derecho, avalando así un resultado contrario a la justicia sustantiva.

Erró el Tribunal de Primera Instancia al permitir que la apelada retuviera un beneficio patrimonial sin justa causa, configurando un **abuso del derecho** al ampararse en una institución de orden público (hogar seguro) con un propósito distinto al que persigue la ley, sobre un bien inmueble que excede las necesidades de la menor, detrimento del patrimonio apelante. (Énfasis en el original).

Es su contención que erró el foro primario al desestimar la demanda sin la celebración de una vista, en violación al debido proceso de ley. Además, mencionó que los errores señalados cuestionan la aplicación del derecho por el TPI, que lo privan del debido proceso de ley. Adujo que mantener la *Sentencia* apelada supone convalidar un esquema de apropiación indebida.

En resumen, el apelante arguyó que el uso exclusivo que la apelada disfruta sobre el bien privativo sin compensación alguna lo priva de su libre disfrute y aprovechamiento económico. Sostuvo que su reclamo se limita a exigir una compensación por el excedente del disfrute de la madre custodia no amparado por el derecho de hogar seguro de la menor, derecho que no está impugnando en este caso.

Argumentó que el propósito principal del hogar seguro es proteger al cónyuge que no tiene medios propios para adquirir o pagar por una vivienda y no enriquecer al cónyuge custodio relevándolo de pago por el uso de una vivienda y consagrar un enriquecimiento injusto. Adujo que el derecho a hogar seguro no está atado al ejercicio de la custodia, sino a la necesidad del peticionario, por no tener bienes suficientes para pagar una vivienda, caso que, según alegó, no es la situación de la apelada. Manifestó que obligar al padre a sostener la vivienda de la madre, desnaturaliza el hogar seguro y lo convierte en una transferencia patrimonial indebida. Añadió que el uso ilimitado y gratuito por la madre custodia, que excede las necesidades de la menor, equivale a un enriquecimiento injusto a favor de la apelada y en perjuicio del apelante.

Por su parte, el 14 de octubre de 2025, la apelada presentó un *Alegato responsivo*. En síntesis, arguyó que el derecho de los hijos a mantener su hogar seguro está explicita e íntimamente atado a la patria potestad del progenitor. Sostuvo que el derecho de la menor a mantenerse en la vivienda familiar incluye que la madre custodia viva con ella en la propiedad dado a que es quien ejerce la patria potestad. Además, adujo que el derecho de uso y de habitación incluyen al titular y a las personas que conviven con él. Por lo cual, dado a que la menor convive con su madre en el inmueble, sostuvo que ambas están protegidas dentro del derecho establecido.

La apelada reiteró los argumentos esbozados en su *Moción de Desestimación* sobre que el derecho de hogar seguro no debe depender del interés propietario que pueda tener sobre el bien un excónyuge porque es un mecanismo de protección a la unidad familiar y que los derechos de los progenitores pueden limitarse en aras de proteger el interés apremiante del bienestar de los menores. Asimismo, alegó que no existe deuda líquida, vencida ni exigible por lo que el apelante no tiene derecho a la concesión de remedio alguno. Argumentó que este pleito perpetúa el patrón de violencia doméstica del cual fue víctima, lo que conllevó la expedición de una orden de protección a su favor en el año 2021.

De otra parte, arguyó que en el presente caso no es de aplicación la doctrina de enriquecimiento injusto dado a que el Código Civil, 31 LPRA sec. 5311 *et. seq.*, confiere expresamente el derecho de hogar seguro al beneficiario y a las personas que convivan con este.

Pormenorizado el trámite procesal pertinente a la controversia de epígrafe, en adelante consignamos el derecho aplicable.

**III.**

**A.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R 10.2, permite que un demandado solicite del tribunal la desestimación de la demanda presentada en su contra, antes de contestar o por medio de la misma contestación a la demanda, bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. ***Blassino***

***Alvarado v. Reyes Blassino***, 214 DPR 823, 833 (2024); ***Cobra Acquisitions v. Mun. Yabucoa et al.***, 210 DPR 384, 396 (2022).

El Tribunal Supremo de Puerto Rico ratificó en ***Costas Elena y otros v. Magic Sport y otros***, 213 DPR 523 (2024), las normas que rigen la desestimación de una demanda basada en el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*. Estas normas son las siguientes:

> (1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.
>
> (2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), supra, el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.
>
> (3) Los tribunales que atienden una moción basada en la Regla 10.5, supra, tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.
>
> (4) Toda duda debe resolverse a favor del demandante.
>
> (5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. Íd.

La privación de un litigante de su día en corte sólo procede en casos extremos. Ahora bien, la desestimación al amparo de la Regla 10.2(5), *supra*, prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusivas podrán ser probadas con el descubrimiento de prueba.

**B.**

En nuestro ordenamiento jurídico, el derecho a hogar seguro está estatuido en el Artículo 477 del Código Civil de 2020, *supra*, sec. 6851. El mismo dispone expresamente que:

> Cualquiera de los excónyuges o cualquiera de los hijos que quedan bajo su patria potestad, puede solicitar el derecho a permanecer en la vivienda de la Sociedad de Gananciales que constituye el hogar principal del matrimonio y de la familia antes de iniciarse el proceso de divorcio. Este derecho puede reclamarse desde que se necesita, en la petición de disolución del matrimonio, durante el proceso o luego de dictarse la sentencia. En los casos donde la vivienda familiar principal sea privativa de cualquiera de los excónyuges y exista otra vivienda perteneciente a la Sociedad de Gananciales, el Tribunal podrá establecer como vivienda familiar la propiedad perteneciente a la Sociedad de Gananciales. En los casos en que no exista una vivienda perteneciente a la Sociedad de Gananciales, el tribunal determinará como se cumplirá con el derecho a hogar seguro.

El Tribunal Supremo ha resuelto que el derecho a hogar seguro se extiende también a la vivienda familiar habitual cuando ésta constituye un bien privativo del padre no custodio. ***Candelario Vargas v. Muñiz Díaz***, 171 DPR 530, 544 (2007). Lo determinante es que la residencia constituya el domicilio conyugal al momento de la radicación de la acción de divorcio o nulidad.[11]

Para conceder el derecho a permanecer en la vivienda familiar, el tribunal debe considerar las siguientes circunstancias:

> (a) los acuerdos de los cónyuges sobre el uso y el destino de la vivienda durante la vigencia del matrimonio y después de su disolución;
> (b) si el cónyuge solicitante mantiene la custodia de los hijos menores de edad;
> (c) si el cónyuge solicitante retiene la patria potestad prorrogada o la tutela de los hijos mayores incapacitados o con impedimentos físicos que requieren asistencia especial y constante en el entorno familiar;
> (d) si los hijos mayores de edad, pero menores de veinticinco (25) años, permanecen en el hogar familiar mientras estudian o se preparan para un oficio;
> (e) si la vivienda familiar es el único inmueble que puede cumplir razonablemente ese propósito dentro del patrimonio conyugal, sin que se afecte significativamente el bienestar óptimo de los beneficiados al momento de su concesión con más necesidad de protección;
> (f) si el cónyuge solicitante, aunque no tenga hijos o, de tenerlos, no vivan en su compañía, necesita de esa protección especial, por su edad y situación personal; y

---

[11] Oficina de Servicios Legislativos, *Código Civil Año 2020 Comentado*, pág. 410
https://www.oslpr.org/_files/ugd/5be21a_15cd7772b7ca4ecd84035ed394e1e5
17.pdf

(g) cualquier otro factor que sea pertinente para justificar el reclamo. Artículo 478 del Código Civil de 2020, *supra,* sec. 6852.

El derecho de hogar seguro podrá reclamarse desde que se necesitare, pudiendo ser reclamado en la demanda sobre divorcio, durante el proceso, o luego de decretarse el mismo.

En cuanto a su solicitud, el Artículo 481 del Código Civil de 2020, *supra,* sec. 6855, establece que la misma deberá ventilarse en el mismo expediente de la disolución del matrimonio. En caso de una objeción fundamentada del titular del inmueble o un tercero con derecho real sobre el mismo, se atenderá el asunto en vista plenaria. Íd.

Cabe mencionar que, las disposiciones que regulan el derecho de uso y habitación aplicarán supletoriamente al derecho de Hogar Seguro. Artículo 486 del Código Civil de 2020, *supra,* sec. 6859.

**C.**

En la reclamación sobre cobro de dinero, el demandante solo tiene que probar que: (1) existe una deuda válida; (2) la deuda no se ha pagado; (3) el demandante es el acreedor; y (4) la parte demandada es la deudora. ***Gen. Elec. v. Concessionaries, Inc.,*** 118 DPR 32, 43 (1986). En cuanto a la deuda, es necesario demostrar que la misma es líquida, vencida y exigible. ***Ramos y otros v. Colón y otros****,* 153 DPR 534, 546 (2001). Dentro de este marco, una deuda es líquida cuando la cantidad debida es cierta y determinada. Íd. Es decir, cuando se conoce la cuantía que se debe. Asimismo, es exigible y vencida cuando debe ser satisfecha por la naturaleza de la obligación o por requerimiento del acreedor. Véase ***Guadalupe v. Rodríguez,*** 70 DPR 958, 966 (1950).

**IV.**

En el caso de marras, el TPI emitió una *Sentencia* mediante la cual, a solicitud de la apelada, desestimó la *Demanda* sobre cobro de dinero.

En desacuerdo, el apelante acudió ante nos y alegó que el TPI erró en la aplicación del derecho al desestimar la demanda, sin la celebración de una vista, privándolo de un debido proceso de ley.

Arguyó que, dado a la exclusión del uso y disfrute de su propiedad, tiene derecho a la concesión de un remedio en cobro de dinero por concepto de canon de arrendamiento en proporción a un 50% del total de renta. El apelante sostuvo que al extender el derecho de hogar seguro a la madre custodia, relevándola del pago de renta por el uso de la propiedad, se afecta su derecho de dominio sobre la propiedad, constituyendo una violación a su derecho constitucional.

En cambio, la apelada alegó que el apelante dejó de exponer una reclamación que justifique la concesión de un remedio, ya que la normativa aplicable al caso es contraria a su petición y porque no existe deuda líquida, vencida ni exigible que el apelante pueda cobrar. También, adujo que no se trata de un planteamiento novel o sobre el cual sea de aplicación la doctrina de equidad de enriquecimiento injusto.

Por estar relacionados entre sí, atenderemos los señalamientos de error en conjunto, tal como los discutió el apelante.

Según pormenorizado precedentemente, en caso de que no exista una vivienda perteneciente a la Sociedad Legal de Gananciales, el tribunal determinará cómo se cumplirá con el derecho a hogar seguro. Artículo 477 del Código Civil de 2020, *supra*, sec. 6851. Inclusive, el derecho a hogar seguro se extiende también a la vivienda familiar habitual cuando ésta constituye un bien privativo del padre no custodio. *Candelario Vargas v. Muñiz Díaz*, supra, pág. 544.

Ahora bien, la solicitud de hogar seguro y cualquier objeción a ésta deberá ventilarse en el mismo expediente de la disolución del

matrimonio, asunto que, de ser necesario, se podrá atender en una vista plenaria. Véase, Artículo 481 del Código Civil de 2020, *supra.*

A tenor con el expediente y los alegatos presentados ante esta *Curia,* las partes otorgaron capitulaciones matrimoniales en las que acordaron como régimen económico del matrimonio la total separación de bienes. La vivienda objeto de la presente controversia es un bien privativo del apelante. En virtud de la sentencia de divorcio, el tribunal decretó que dicha propiedad sería el hogar seguro de la menor, hija de ambos. La apelada es la madre custodia, por lo que es quien reside con la menor en dicha propiedad.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que el TPI no cometió los errores señalados, por lo que procede confirmar la *Sentencia* apelada. El TPI actuó correctamente en derecho al desestimar la *Demanda,* toda vez que, tomando como ciertas las alegaciones bien hechas, la misma deja de exponer una reclamación que justifique la concesión de un remedio con respecto a un cobro de dinero sobre el hogar seguro, en contra de la apelada.

Ciertamente, de conformidad con el derecho antes esbozado, en este caso no existe una deuda líquida, vencida ni exigible que el apelante pueda reclamar. Entre las partes no existe un contrato de arrendamiento, sino que la apelada, por ser la madre custodia de la menor habida entre las partes, le cobija el derecho a permanecer en el hogar, como beneficiaria y no como una inquilina, aun cuando se trate de propiedad privativa del otro progenitor. Por lo cual, en concepto de rentas no adeuda cantidad alguna.

Adviértase que, el reclamo de renta del apelante se basa en una cuantía unilateral establecida por él como concepto de canon de arrendamiento. Sin embargo, como bien estableció el foro primario en su determinación, no existe impedimento para que el apelante presente cualquier argumento en el caso sobre pensión

alimentaria con relación al cálculo de las cargas que posee como alimentista.

Por lo que el foro recurrido actuó conforme a derecho al desestimar la *Demanda.* Los errores imputados, no fueron cometidos.

**V.**

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones